# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1244
_____

Farass Ali

*Petitioner - Appellee*

v.

Joel L. Brott, Sheriff, Sherburne County

*Respondent - Appellant*

William P. Barr, Attorney General; Kirstjen Nielsen, Secretary, Department of
Homeland Security; Ronald Vitiello, Acting Director, Immigration and Customs
Enforcement; Peter B. Berg, Director, St. Paul Field Office Immigration and
Customs Enforcement

*Respondents*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 12, 2019
Filed: April 16, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Farass Ali, who immigrated to the United States in 2014, has been held in custody under 8 U.S.C. § 1226(a) since May 2017 while he litigates the issue of whether he is a removable alien. The district court granted relief on Ali's petition for a writ of habeas corpus after interpreting § 1226(a) to permit detention of an alien only for a "period reasonably necessary to receive a removal decision" and concluding Ali's time in detention was not reasonable. Sherburne County Sheriff Joel Brott appeals,[1] arguing the district court wrongly applied a "reasonableness" standard not included in the text of the statute. We agree with Sheriff Brott and therefore reverse the order granting Ali's petition and remand for the district court to consider Ali's constitutional arguments.

## I. Background

Ali is a native and citizen of Iraq. In January 2014, Ali entered the United States as a refugee. His immigration status was adjusted to lawful permanent resident in 2015.

In November 2016, Ali was arrested in Minnesota for violation of Minnesota laws. The arrest caused federal investigators to review Ali's immigration status. The Department of Homeland Security claims to have found significant inconsistencies among Ali's application for refugee status, his statements to officers who interviewed him on that application, and his application for adjustment of status to lawful

---

[1]The district court dismissed certain federal officials as respondents after noting only Sheriff Brott was a proper respondent to Ali's petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2003) (recognizing the proper respondent to a habeas petition is "the person who has custody over [the petitioner] . . . . not the Attorney General or some other remote supervisory official") (alteration in original).

permanent resident. Federal investigators also examined Ali's social media platform and found posts related to and purportedly in support of a terrorist organization.

In May 2017, FBI Special Agents interviewed Ali and questioned him regarding his use of social media and his familial lineage. Agents asked for his consent to search the electronic devices he used to access social media. Ali consented only to a search of his laptop. The day after the interview, federal immigration agents took Ali into custody pursuant to an administrative warrant. Ali was served with a Notice to Appear and charged with being a removable alien who, at the time of entry or adjustment, procured admission into the United States by fraud or willful misrepresentation, and as an alien who, at the time of entry or adjustment, was inadmissible because he was not in possession of valid travel documents.

In June 2017, Ali was transferred to state custody for purposes of his pending state charges. Shortly after, the FBI notified immigration officials Ali would be considered a threat to national security if he was released from immigration custody. In July 2017, Ali's state criminal charges were dismissed and he was transferred back to federal immigration custody.

Between July 2017 and August 2018, an Immigration Judge ("IJ") presided over a series of hearings on the merits of the removal charges and other matters. The IJ granted multiple continuances, almost all of which were at Ali's request. During this time, on September 19, 2017, the IJ presided over a bond hearing. Ali called two witnesses and both parties submitted evidence. The IJ denied Ali's request to be released on bond, concluding Ali had failed to show he was not a danger to the community. Ali did not appeal the IJ's bond determination and has not sought a new bond hearing.

On September 7, 2018, Ali filed a petition for habeas corpus under 28 U.S.C. § 2241, seeking release from federal immigration custody pending resolution of his

immigration proceedings. Ali argued his continued detention was not authorized by § 1226(a), violated his Fifth Amendment right to due process, and was an unauthorized seizure under the Fourth Amendment. The government argued Ali's continued detention was constitutional and that Ali was permitted to seek relief through administrative procedures. The government also suggested Ali was the cause of any undue delay in his removal proceedings.

The district court entered an order on January 7, 2019, granting Ali's petition and ordering Brott to release Ali from custody within thirty days. The district court explained that Ali was subject to pre-removal detention under § 1226(a) and observed the statute did not explicitly limit the length of an alien's pre-removal detention period. The district court compared the situation to *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court analyzed 8 U.S.C. § 1231(a)(6), which governs post-removal order detention, and employed the doctrine of constitutional avoidance to read a "reasonableness limitation" into the length of time an alien could be detained after he was ordered removed. 533 U.S. at 689–90. Applying the rationale of *Zadvydas* to the facts of Ali's case, the district court concluded that pre-removal order detention under § 1226(a) is limited to "the period reasonably necessary to receive a removal decision." The district court then determined Ali's time in detention had exceeded this limitation and therefore ordered him released within thirty days.

After the district court denied his motion for reconsideration,[2] Sheriff Brott appealed and sought an emergency motion to stay the district court order pending

---

[2]The basis for Sheriff Brott's motion for reconsideration was the fact that during the time period between when Ali filed his petition for habeas corpus and when the district court issued its order granting Ali's petition, the IJ had issued an order of removal ordering Ali's deportation to Iraq. The district court denied Sheriff Brott's motion because the IJ's order was provisional and not final until affirmed by the Board of Immigration Appeals. The district court ordered Ali released within thirty days from the date of the district court's original grant of Ali's petition.

appeal.  We granted a temporary stay until further order of the court, directed the parties to file simultaneous briefs on the merits, and set the case for oral argument.

## II. Discussion

Whether we can affirm the district court's grant of Ali's habeas petition turns on the language of 8 U.S.C. § 1226(a) and application of the Due Process Clause of the Fifth Amendment in the context of the statute.  For the reasons set forth below, we vacate the order of the district court directing release of Ali and remand for further proceedings.

We begin by reference to the applicable federal statute, which first provides, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The statute goes on to "*generally* give[] the Secretary [of Homeland Security] the discretion either to detain the alien or to release him on bond or parole."  *Nielsen v. Preap*, 139 S. Ct. 954, 959 (2019).  "If the alien is detained, he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary)."  *Id.* at 959–60 (citing 8 C.F.R. §§ 236.1(c)(8) and (d)(1), 1003.19, 1236.1(d)(1)).

At issue here is whether, in order to avoid due process concerns, this court must construe the statute as containing an implied "reasonableness" limit on pre-order detention similar to that found by the Supreme Court in *Zadvydas*, 533 U.S. at 691, 699, with respect to the post-detention statute, 8 U.S.C. § 1231(a)(6).

Application of the canon of constitutional avoidance to imply terms in a statute that do not exist in its text is necessarily a serious matter implicating the proper role of the judiciary.  Although a matter of first impression in this circuit, we do not approach this question with a blank slate.  The Supreme Court recently re-

emphasized, in a case discussing the same statutory framework, that a court may not resort to constitutional avoidance unless certain criteria are met. First, the canon should only be used "[w]hen 'a serious doubt' is raised about the constitutionality of an act of Congress." *Preap*, 139 S. Ct. at 971 (alteration in original) (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018)). Even then, a court may not resort to constitutional avoidance unless it first concludes the statute is "susceptible of more than one construction." *Id.* at 972 (quoting same). "The canon 'has no application' absent 'ambiguity.'" *Id.* (quoting *Warger v. Shauers*, 574 U.S. 40, 50 (2014)).

To begin with, we are skeptical of Ali's argument that his detention pending a decision on whether he is to be removed under § 1226(a) is unconstitutional considering he was given a bond hearing and still has available procedural avenues to seek relief. *See* 8 C.F.R. §§ 236.1(c)(8) and (d), 1003.19, 1236.1(d). The Supreme Court has never indicated the bond hearing process set forth in the statute and accompanying regulations is constitutionally deficient. To the contrary, Supreme Court precedent indicates such a framework is constitutionally permissible. *See Demore v. Kim*, 538 U.S. 510, 523 (2003) (explaining "this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process"); *United States v. Salerno*, 481 U.S. 739, 748, 755 (1987) (holding the Bail Reform Act of 1984 did not facially violate the Due Process Clause of the Fifth Amendment and, noting in support of its conclusion, it had previously "found no absolute constitutional barrier to detention of potentially dangerous resident aliens pending deportation proceedings"). Indeed, we find it noteworthy that aliens challenging the constitutionality of their detentions in *Jennings* and *Demore* sought, as a *remedy*, a bond hearing similar to what Ali was given. *See Jennings*, 138 S. Ct. at 839; *Demore*, 538 U.S. at 517, 528.

Regardless, even if we assume that despite the safeguard of a bond hearing there is a serious doubt as to the constitutionality of detention under § 1226(a), the canon of constitutional avoidance is not proper here because the statute is not

susceptible to more than one construction as to the length of detention. In contrast to the statute analyzed in *Zadvydas*, § 1226(a) limits the period of detention to the period "pending a decision on whether the alien is to be removed from the United States." While this is not subject to precise calculation, it is, nonetheless, a defined period that does have an end. *Cf. Jennings*, 138 S. Ct. at 846 (reasoning § 1226(c) is not ambiguous or even silent regarding the length of detention because it mandates detention pending a decision on whether the alien is to be removed from the country); *Demore*, 538 U.S. at 528–29 (noting that unlike the detention at issue in *Zadvydas*, which was indefinite and potentially permanent, detention under § 1226(c) has a "definite termination point" and is of a "shorter duration").

It is significant the Supreme Court has found unambiguous the language of § 1226(c), which requires mandatory detention until a decision regarding removal is reached, and therefore has refused to use constitutional avoidance to read an extra-textual "reasonableness" limitation into the statute. We see no principled basis for viewing § 1226(a)'s text regarding the length of detention any differently. The primary difference between the two subsections of the statute is the availability of a bond hearing for aliens held under subsection (a). And this difference, which gives aliens like Ali *more protection* against prolonged detention than aliens detained under § 1226(c), militates *against* reading a reasonableness limitation into § 1226(a) because it makes the statute less likely to violate their due process rights.

In light of this precedent, we hold § 1226(a) is not susceptible of more than one construction. As a result, the constitutional avoidance doctrine has no application here. The district court therefore erred when it concluded pre-removal order detention under § 1226(a) is limited to "the period reasonably necessary to receive a removal decision." We reverse the district court's order on this basis.

The analysis does not end here, however. In his petition, Ali argued his continued detention violated not only § 1226(a), but his constitutional rights under

the Fourth and Fifth Amendments.  As in *Jennings*, 138 S. Ct. at 851, we conclude this matter should be remanded to the district court to further consider Ali's constitutional arguments consistent with this decision and relevant Supreme Court precedent.[3]

---

[3]Sheriff Brott filed a Motion to Strike Ali's Rule 28(j) filing on the ground it improperly provides argument and analysis rather than merely setting forth pertinent and significant authorities which came to his attention after his brief was filed.  Fed. R. App. P. 28(j). Because our analysis made it unnecessary to consider the arguments advanced in Ali's filing, we deny the motion as moot.